1

2

3

4

5

6    # UNITED STATES DISTRICT COURT

7    ## EASTERN DISTRICT OF CALIFORNIA

8

9    EDDIE SHAUN HUBBARD,                        CASE NO. 1:11-cv-02095-SKO PC

Plaintiff,                       FIRST SCREENING ORDER DISMISSING
10                                                COMPLAINT, WITH LEAVE TO AMEND,
v.                                FOR FAILURE TO STATE A CLAIM UNDER
11                                                SECTION 1983
L. LOMONACO, et al.,
12                                                (Doc. 1)
Defendants.
13                                                THIRTY-DAY DEADLINE
_____/
14

15                          **First Screening Order**

16   **I.    Screening Requirement**

17          Plaintiff Eddie Shaun Hubbard, a state prisoner proceeding pro se and in forma pauperis,

18   filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 20, 2011.  The Court is

19   required to screen complaints brought by prisoners seeking relief against a governmental entity or

20   an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss

21   a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

22   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

23   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding

24   any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

25   time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

26   may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27          A complaint must contain "a short and plain statement of the claim showing that the pleader

28   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3   Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4   indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6   conclusions are not.  Iqbal, 556 U.S. at 678.

7          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8   in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

9   the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.

10  at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of

11  misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

12  at 969.

13  **II.    Discussion**

14         **A.      Summary of Bases for Claims**

15         Plaintiff seeks to impose liability on three-hundred forty-two defendants who worked for the

16  California Department of Corrections and Rehabilitation, for violating his rights under the United

17  States Constitution.[1]  Plaintiff's claims arise from the assessment of an indeterminate SHU (Security

18  Housing Unit) term against him; "double jeopardy" based on the imposition, twice, of a SHU term

19  for the same acts; and the hindrance of Plaintiff's ability to pursue an inmate appeal of the relevant

20  events.

21         **B.      Due Process Claim**

22         On July 7, 2009, Plaintiff was placed in the Administrative Segregation Unit (ASU) at Kern

23  Valley State Prison for battery on an inmate with a weapon.  Plaintiff was subsequently assessed a

24  determinate SHU term.  On December 14, 2010, Plaintiff was informed by Defendant Lomonaco that

25  upon the completion of his term, he would be recommended for an indeterminate SHU term based

26  on his multiple prior SHU terms.  Plaintiff was later assessed an indeterminate SHU term and he was

27

28

---

[1] The vast majority are named as Doe defendants.

2

transferred to the California Correctional Institution on March 18, 2011, to serve the term. Plaintiff was then released from indeterminate SHU status but retained in ASU. Plaintiff alleges a due process claim arising out of his retention in ASU/SHU following the expiration of his determinate SHU term.

Plaintiff does not have a right, under federal law, to be housed in general population. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under federal law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from the SHU or the ASU, which precludes him from bringing a due process claim. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Assuming that this deficiency is curable, Plaintiff also fails to demonstrate that he was denied the limited procedural protections he was due under federal law. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Plaintiff's stated position that it was "illegal" to give him an indeterminate SHU term absent a gang validation does not, itself, support a federal due process claim. The violation of prison rules or regulations, to the extent that is what occurred, will not support a federal process claim; Plaintiff must identify a protected federal liberty interest and demonstrate the denial of the federal protections he was due.

1    For these reasons, Plaintiff fails to state a cognizable due process claim.[2]

2        **C.    Double Jeopardy Claim**

3        Plaintiff alleges that assessing him an indeterminate SHU term based on his multiple prior

4    SHU terms was double jeopardy, in violation of his constitutional rights.

5        The Double Jeopardy Clause precludes "a second prosecution for the same offense," and it

6    has been interpreted "to prevent the State from punishing twice, or attempting a second time to

7    punish criminally, for the same offense." Kansas v. Hendricks, 521 U.S. 346, 369, 117 S.Ct. 2072

8    (1997) (citation and internal quotation marks omitted).  The Clause protects against a risk which is

9    not present in proceedings that are not essentially criminal, Breed v. Jones, 421 U.S. 519, 528, 95

10   S.Ct. 1779 (1975), and prison disciplinary proceedings such as those at issue here are not part of a

11   criminal prosecution, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974) (quotation

12   marks omitted).  Neither the determination that Plaintiff's prison disciplinary history warranted the

13   assessment of an indeterminate SHU term nor Plaintiff's underlying prison disciplinary convictions

14   arose out of criminal proceedings, and Plaintiff's double jeopardy claim fails as a matter of law.

15   Other district courts to consider the issue have reached the same determination. Stockton v. Tyson,

16   No. 1:10-cv-00662-BAM PC, 2011 WL 5118456, at *7 (E.D.Cal. Oct. 27, 2011); Quiroz v.

17   Reynoso, No. 1:09-cv-02193, 2011 WL 489572, at *4 (E.D.Cal. Feb. 7, 2011); Garcia v. Kirkland,

18   No. C 05-0341, 2005 WL 1656904, at *3 (N.D.Cal. Jul. 13, 2005).

19       **D.    First Amendment Claim**

20       Finally, Plaintiff alleges that his First Amendment right to petition the government for redress

21   was violated because his attempts to pursue an inmate appeal were hindered.  Specifically, Plaintiff

22   alleges that Defendant Lomonaco failed to issue Plaintiff a 128-G classification chrono despite three

23   requests to do so, and Plaintiff needed the chrono to file an appeal challenging his indeterminate

24   SHU term.  Plaintiff then filed an appeal regarding Defendant Lomonaco's failure to issue the

25

26       [2] Plaintiff conflates with his due process claim an assertion of "false imprisonment."  False imprisonment is
27   a state law tort claim and in as much as Plaintiff is a convicted prisoner, his segregation from general population by
     prison officials does not give rise to a cognizable claim.  E.g., Young v. County of Los Angeles, 655 F.3d 1156,
28   1169 (9th Cir. 2011) (the defendant must lack the lawful privilege to confine) (citing Easton v. Sutter Coast Hospital,
     80 Cal.App.4th 485, 496 (Ct. App. 2000)).

chrono, but the appeal was screened out and Plaintiff was directed to resolve the issue at the informal level.  Plaintiff was unable to obtain a response at the informal level of review and he then filed a peace officer misconduct complaint against Defendant Lomonaco, complaining that Defendant was preventing him from accessing the court and was violating his right to due process via the administrative remedy process.  Plaintiff's complaint was screened out approximately five times.

Defendant finally issued the chrono on February 4, 2011, after Plaintiff threatened to expose to the institutional classification committee Defendant's failure to provide the form.  Plaintiff then filed his appeal of the indeterminate SHU term, but it was screened out as untimely.  Plaintiff thereafter unsuccessfully filed an appeal of the screening decision and another peace officer misconduct complaint.

Plaintiff's allegations relating to the inmate appeals process do not support a claim that his rights under federal law were violated.  Although Plaintiff has a right to seek redress from the government, because there is no right to an appeals process, complaints regarding the process's deficiencies do not support a claim under section 1983, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and Plaintiff has not alleged any facts which would support a claim under any other different, viable constitutional theory, e.g., Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

To the extent Plaintiff is suggesting that his inability to exhaust bars access to the courts, any such claim is premature.  A federal claim for denial of access to the courts requires "actual prejudice to contemplated or existing litigation," Nevada Dep't of Corr., 648 F.3d at 1018, and Plaintiff may not assume that his inability to get an appeal accepted and processed will preclude him from pursuing a claim in court, see Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010) (the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005).

///

///

1    **III.    Conclusion and Order**

2         Plaintiff's complaint fails to state any claims under section 1983.  The Court will provide

3    Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130

4    (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change

5    the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith,

6    507 F.3d 605, 607 (7th Cir. 2007).

7         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

8    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

9    U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

10   right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

11   Plaintiff is reminded that he must link the named defendants to the participation in the violations at

12   issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th

13   Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297

14   F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the

15   theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at

16   1235, and supervisory personnel may only be held liable if they "participated in or directed the

17   violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040,

18   1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v.

19   Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

20   Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.

21   1997).

22        Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County,

23   __ F.3d __, __, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en

24   banc), and it must be "complete in itself without reference to the prior or superceded pleading,"

25   Local Rule 220.

26        Accordingly, it is HEREBY ORDERED that:

27        1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims

28              under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint which shall not exceed twenty-five pages; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    October 2, 2012**                          /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE